IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MEMO ENDORSED

| | |
|---|---|
| AMSCAN, INC, and PARTY CITY CORPORATION,<br><br>      *Plaintiffs*,<br><br>v.<br><br>SHUTTER SHADES, INC. and DONALD T. WILKERSON,<br><br>      *Defendants*. | Civil Action No. 7:13-cv-01112 (CS)<br><br>**JURY TRIAL DEMANDED** |

## [PROPOSED] JOINT PROTECTIVE ORDER

Plaintiffs, Amscan, Inc. ("Amscan") and Party City Corporation ("Party City") (collectively, "Plaintiffs") and Defendants Shutter Shades, Inc. ("SSI") and Donald T. Wilkerson ("Wilkerson") (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, are hereby subject to the following Joint Protective Order regarding the disclosure of confidential and highly confidential information in the above-captioned civil action:

1. <u>Definitions</u>:

    (a)    "Confidential Information" means any information, document, electronic data, testimony, or inspection that is designated and/or marked as "CONFIDENTIAL" in good faith by the producing party. Any information, document, electronic data, testimony, or inspection produced by a party in this litigation may be designated and marked as Confidential Information; provided, however, that notwithstanding any such designation or marking, Confidential Information does not include information that is readily available, in the public domain at the time it was communicated, and/or publicly disclosed by the producing party.

{00715/608837-000/01109401.1}

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/2013

(b)     "Highly Confidential Information" means any information, document, electronic data, testimony, or inspection that is designated and/or marked as "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" in good faith by the producing party, and that either constitutes or contains information that a party in good faith believes is competitively sensitive, including, but not limited to, trade secrets or sensitive personal information.

(c)     "Qualified Persons" means:

(i)     attorneys of record for the parties and persons employed or engaged by the law firm of the attorneys of record who are assigned by the attorney of record to perform work for the attorney on the matter, including outside copying and exhibit preparation services;

(ii)    a party or any representative of a party responsible for, or involved in, the conduct of this litigation, provided that Confidential Information disclosed to any such person shall be limited to that which reasonably relates to his or her role in the litigation;

(iii)   stenographic reporters performing work related to this litigation;

(iv)    expert witnesses or prospective expert witnesses, except that Confidential Information and Highly Confidential Information disclosed to such persons shall be limited to that reasonably necessary for them to form an opinion or prepare their testimony as to the matters about which the attorney of record retained or may retain them;

(v)     consultants retained by the parties to assist the attorneys of record, except that Confidential Information and Highly Confidential Information disclosed to such persons shall be limited to that which reasonably relates to the issues or subjects of the consultation;

(vi)    the Court and authorized staff; and

(vii)   such persons as hereafter are qualified to receive Confidential Information or Highly Confidential Information by Court Order or by signed agreement of the parties.

2

{00715/608837-000/01109401.1}

2.     Use and Disclosure:

(a)     Absent a specific Order by this Court, or written permission from the designating party, once designated as Confidential Information or Highly Confidential Information, such information shall be used by those Qualified Persons, as limited by the conditions set forth, *infra*, solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

(b)     Confidential Information shall not be disclosed to anyone other than a Qualified Person. Prior to disclosure, each Qualified Person, except those identified in paragraphs 1(c)(i) and (iii), *supra*, shall first execute an acknowledgment in the form attached hereto as **Exhibit A**. The original executed acknowledgment shall be retained by the attorney of record disclosing the Confidential Information, and a copy thereof shall be forwarded to the opposing attorney of record via electronic mail or First Class Mail, postage prepaid.

(c)     Highly Confidential Information shall be used and disclosed only to the persons and only under the circumstances described herein. Highly Confidential Information is to be used solely and strictly for the purpose of this lawsuit, and cannot be used for any other purpose whatsoever. Highly Confidential Information shall not be disclosed to anyone other than a Qualified Person identified in paragraphs 1(c)(i), (iii), (iv), (v), (vi) and (vii), *supra*. Prior to any disclosure of Highly Confidential Information to a Qualified Person, each such person, except those identified in paragraphs 1(c)(i) and (iii), *supra*, must execute an acknowledgment in the form attached hereto as **Exhibit A**, a copy of which shall be provided to the attorney of record for the producing party within ten (10) business days of execution, via electronic mail or First Class Mail, postage prepaid. The attorney of record for the producing party, upon confirmed receipt (via electronic mail) of an executed acknowledgement form, shall have ten (10) business days to lodge a written objection to disclosure to any person seeking disclosure of Highly Confidential Information. Disclosure shall not occur until if either (i) the disclosing party agrees

3

to withdraw the objection or (ii) the party seeking disclosure successfully petitions the Court for relief and an appropriate Order is entered.

(d) In the event that Confidential Information or Highly Confidential Information is disclosed to a person who is not authorized to receive it, such disclosure shall not affect the confidentiality of the information or of other properly designated materials. The party and/or person disclosing the information shall immediately notify the attorney of record for the other party about the substance and content of the information disclosed and the identity of all recipients of such information, and shall make all reasonable efforts to have all recipients return all information disclosed and/or execute an acknowledgment in the form attached hereto as **Exhibit A**.

(e) Anyone who has Confidential Information or Highly Confidential Information shall maintain it in a locked filing cabinet, briefcase, or other secure and enclosed storage receptacle, except when the information is in active and immediate use.

3. Discovery Proceedings:

(a) All answers to interrogatories, requests for the production of documents and things, requests for admissions, and all documents or things produced, which constitute, comprise, or contain Confidential Information or Highly Confidential Information, shall be so identified and marked prominently by the disclosing party. Such identification or marking shall be made at the time that the answer, document, or thing is produced.

(b) In the case of depositions, the attorney of record for the disclosing party shall advise the opposing attorney of record of the specific pages claimed to fall within the terms of this Joint Protective Order either during the deposition or within thirty (30) days of receiving the transcript of the deposition. If not so designated during the deposition, the entire deposition transcript shall remain confidential during that thirty-day period. The entire deposition transcript may be designated as Confidential Information or Highly Confidential Information if it so qualifies. Parties to this litigation may attend any deposition, and shall only be precluded from

4

monitoring deposition responses to those questions deemed Highly Confidential during the course of the deposition or in transcripts.

(c) Only Qualified Persons authorized to receive Confidential Information may be deposed with respect to Confidential Information, and only Qualified Persons authorized to receive Confidential Information may be present during such portions of such depositions. Only Qualified Persons authorized to receive Highly Confidential Information may be deposed related to Highly Confidential Information, and only persons authorized to receive Highly Confidential Information may be present during the portions of such depositions. A reporter recording any Confidential Information or Highly Confidential Information, or incorporating such information into the transcript, shall transmit the transcript only to the attorneys of record for the parties. Such transcripts shall not be filed with the Court, except under the terms set forth herein.

4. Failure to Identify or Mark: If a party produces a document or information constituting, comprising, or containing Confidential Information or Highly Confidential Information without identifying and marking it as such, the disclosing party may so identify and mark such document or information at any time thereafter without waiver or prejudice to such rights as may thereafter arise under this Joint Protective Order.

5 Inadvertent Disclosure.

If, through inadvertence, a producing party provides any Confidential or Highly Confidential material in this litigation without marking the information as "Confidential" or "Highly Confidential," the producing party may subsequently inform the receiving party in writing of the Confidential or Highly Confidential nature of the disclosed information, and the receiving party shall treat the disclosed information in accordance with this Joint Protective Order after receipt of such written notice and make reasonable efforts to retrieve any such material that has been inadvertently disclosed to persons not authorized to receive the material under the terms hereof. A party objecting to any such designation shall follow the procedures set forth in paragraph 6, *infra*.

5

Prior disclosure of material later designated as "Confidential" or "Highly Confidential" shall not constitute a violation of this Joint Protective Order. If "Confidential" or "Highly Confidential" material is disclosed to any person other than in the manner authorized by this Joint Protective Order, the person responsible for disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the attorney of record for the producing party and, if appropriate, to the Court and, without prejudice to other rights and remedies of any party, take reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of such information. The person making such disclosures shall be responsible for any damages caused to the producing party by virtue of such disclosure.

Inadvertent disclosure of privileged or protected trial-preparation materials shall be governed by Fed. R. Civ. P. 26(b)(5)(B), which shall be construed liberally.

6.  Challenges: The attorney of record for the party receiving Confidential Information or Highly Confidential Information may, at any time, challenge the designation of the information. In the event that such a challenge is lodged, the attorney of record for the challenging party must follow the "Procedure for discovery disputes" set forth in Section 7 of the parties' Amended Civil Case Discovery Plan and Scheduling Order, So Ordered by the Court via Docket Text on December 4, 2013. The party challenging the designation shall treat the information as being properly designated hereunder until the Court rules otherwise.

7.  Filing With the Court:

A party seeking to file documents containing Confidential Information or Highly Confidential Information under seal will first file a motion to seal in accordance with local practice.

8.  Retention of Jurisdiction. Jurisdiction is to be retained by this Court after final determination of this action for purposes of enabling any party or person affected by this Joint Protective Order to apply to the Court for such direction, order, or further decree as may be

{00715/608837-000/01109401.1}

appropriate for the construction, modification, enforcement, or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary.

9.   Further Order: Nothing herein shall preclude any party from applying to the Court for any appropriate modification hereof; provided, however, that prior to such application, the parties shall certify in writing that they have endeavored unsuccessfully to resolve the matter.

10.   Scope: This Joint Protective Order shall govern only the pretrial proceedings in this matter.  The handling of Confidential Information and Highly Confidential Information at trial and thereafter shall be governed by a later Court Order.

11.   Return of Information: Upon termination of this action and all timely filed direct appeals, the Court shall return all documents containing Confidential Information or Highly Confidential Information to the attorney of record for the party who filed such document. Further, upon termination of this action, all materials containing or comprising Confidential Information or Highly Confidential Information, and any copies thereof, in the possession of any party, attorney, or person shall be returned to the attorney of record for the producing party, or shall be destroyed if the attorney of record for the producing party authorizes such destruction; provided, however, that attorneys of record may retain their attorney work product that contains or comprises such materials.

The restrictions of this Joint Protective Order shall continue to apply to any such Confidential Information or Highly Confidential Information retained by an attorney.

12.   Other Proceedings. If any party, attorney, or person is requested to disclose Confidential Information or Highly Confidential Information pursuant to a subpoena, Order of a court of competent jurisdiction, or otherwise, that party, attorney, or person shall give notice of such request to the attorney of record for the producing party at least twenty (20) business days prior to any scheduled date for the disclosure of the information. In the event that the period for the requested disclosure is shorter than twenty (20) business days, the party, attorney, or person shall

give the attorney of record for the producing party immediate electronic notice of the request upon its receipt.

*/s/ Paul Fields*
Paul Fields
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Facsimile: (914) 288-0023
Email: Fields@leasonellis.com

*Attorneys for Plaintiffs*

Dated: December 18, 2013
White Plains, New York

*/s/ Todd Wengrovsky*
Todd Wengrovsky
Law Offices of Todd Wengrovsky, PLLC
285 Southfield Road, Box 585
Calverton, New York 11933
Phone: (631) 727-3400
Facsimile: (631) 727-3401
Email: contact@twlegal.com

*Attorney for Defendants*

Dated: December 17, 2013
Calverton, New York

**IT IS SO ORDERED:**
*/s/ Cathy Seibel*
The Honorable Cathy Seibel
United States District Judge
Southern District of New York

Dated: December 19, 2013
White Plains, New York

The Clerk shall terminate Doc. 19.

8

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMSCAN, INC, and PARTY CITY CORPORATION,<br><br>   *Plaintiffs*,<br><br>v.<br><br>SHUTTER SHADES, INC. and DONALD T. WILKERSON,<br><br>   *Defendants*. | Civil Action No. 7:13-cv-01112 (CS)<br><br>**JURY TRIAL DEMANDED** |

## ACKNOWLEDGEMENT OF JOINT PROTECTIVE ORDER

  I, _____, being of sound mind and age, hereby agree and acknowledge that I am bound by the terms of the Joint Protective Order (the "Order") entered by the Court in the above-captioned civil action. Specifically, I hereby agree and acknowledge that:

  1. I have read the entire Order. I fully understand the terms of the Order, as well as the obligations that I am entering into pursuant thereto.

  2. I affirm that I am not a competitor of any party to the above-captioned civil action.

  3. I agree not to disclose Confidential Information, as that term is defined in the Order, to any other person, except to the extent that I am specifically instructed to do so in writing by an attorney of record in the above-captioned civil action.

  4. Furthermore, I agree not to use Confidential Information in any manner whatsoever, except for the sole purpose of performing my responsibilities in this litigation. In other words, I agree to use Confidential Information solely for the specific purpose of this

{00715/608837-000/01109417.1}

litigation. I agree that, after this litigation ends, I will immediately return any and all Confidential Information within my possession, custody or control to an attorney of record in this case without retaining any copies.

5. If I am entrusted with Highly Confidential Information, as that term is defined in the Order, then I agree not to disclose the Highly Confidential Information to any other person, except to an attorney of record in the above-captioned civil action.

6. Furthermore, if I receive Highly Confidential Information, I agree and acknowledge that I am being trusted with highly sensitive information, and I absolutely will not use such information, in any manner whatsoever, directly or indirectly, for anything other than matters directly at issue in the litigation. I also agree and acknowledge that I am absolutely prohibited from utilizing, considering, discussing, contemplating, thinking about, implementing, or in any other way using Highly Confidential Information for any business or personal purpose whatsoever, including competing with the disclosing party.

7. I agree that I will submit to the jurisdiction of this Court, and that if I breach the terms of the Order, then I will be subject to civil sanctions in this Court.

I declare, under penalty of perjury, that the foregoing is true and correct.

_____        _____
Date                                                                Signature

                                                                    _____
                                                                    Address

2

{00715/608837-000/01109417.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMSCAN, INC, and PARTY CITY CORPORATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>SHUTTER SHADES, INC. and DONALD T. WILKERSON,<br><br>*Defendants*. | Civil Action No. 7:13-cv-01112 (CS)<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF MOTION FOR ENTRY OF JOINT PROTECTIVE ORDER

**WHEREAS**, the parties, by and through their counsel of record, met-and-conferred regarding the terms of a joint protective order concerning the disclosure of confidential and highly confidential information;

**WHEREAS**, the parties, by and through their counsel of record, agreed to the terms of such a joint protective order and have reduced same into a Proposed Joint Protective Order for entry by this Court into the record of the above-captioned civil action.

**NOW, THEREFORE, PLEASE TAKE NOTICE** that, Plaintiffs, with the consent of Defendants, will move this Court, before The Honorable Cathy Seibel, United States District Judge for the Southern District of New York, at the Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, at such time and date as the Court shall set, for endorsement and entry of the Proposed Joint Protective Order attached hereto as **Exhibit A**.

1

{00715/608837-000/01109409.1}

Dated: December 18, 2013      Respectfully submitted,
     White Plains, New York

*[signature]*

Paul Fields
Cameron S. Reuber
Jonathan W. Thomas
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Facsimile: (914) 288-0023
Email: Fields@LeasonEllis.com
Email: Reuber@LeasonEllis.com
Email: Thomas@LeasonEllis.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

It is hereby certified that on December 18, 2013 a true and correct copy of the foregoing **Notice of Motion for Entry of Joint Protective Order** was served via operation of this Court's CM/ECF system and First Class Mail, postage prepaid, by placing same into a depository of the United States Post Office, upon the following counsel of record for Defendants:

> Todd Wengrovsky, Esq.
> LAW OFFICES OF TODD WENGROVSKY, PLLC
> 285 Southfield Road, Box 585
> Calverton, New York 11933
> contact@twlegal.com

*/s/ Jonathan W. Thomas*
Jonathan W. Thomas
Leason Ellis LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Telephone: (914) 288-0022
Facsimile: (914) 288-0023
Email: Thomas@LeasonEllis.com

*Attorneys for Plaintiffs*

# EXHIBIT A

