# LEASON ELLIS

One Barker Avenue
Fifth Floor
White Plains, New York 10601
t. 914.288.0022
f. 914.288.0023

Jonathan W. Thomas
Litigation Associate
Thomas@LeasonEllis.com

August 7, 2014

**VIA ECF**

The Honorable Lisa M. Smith
United States Magistrate Judge, S.D.N.Y.
300 Quarropas Street, Courtroom 520
White Plains, New York 10601

                        RE:    *Amscan, Inc., et al. v. Shutter Shades, Inc., et al.*,
                                C.A. No.: 13-cv-01112 (CS)(LMS) (SDNY)

Dear Judge Smith:

      We represent Plaintiffs, Amscan, Inc. and Party City Corporation (collectively, "Plaintiffs"), in the above-referenced civil action. Pursuant to Rule 1(A) of Your Honor's Individual Rules of Practice, as well as the parties' Amended Civil Case Discovery Plan and Scheduling Order (*Dkts.* 16, 17), this letter responds to defense counsel's August 1, 2014 request for an informal pre-motion conference regarding Defendants, Shutter Shades, Inc. and Mr. Donald. T. Wilkerson's, proposed motion to compel (*Dkt.* 35) (the "August 1 Request").

      As background, the instant discovery "dispute" concerns Plaintiffs' June 13, 2014 supplemental production of information regarding Plaintiff's sales of the product-at-issue, *i.e.*, Plaintiffs' Fun Shades brand of glasses with six horizontal slats crossing the field of vision of each eye (the "June 13 Production"). Specifically, Defendants seek an Order requiring Plaintiffs to remove the "Highly Confidential Attorney Eyes Only" designation from documents produced in the June 13 Production. During an August 6, 2014 conference call with the undersigned, defense counsel indicated the basis for Defendants' August 1 Request is Defendant Donald T. Wilkerson's belief that the June 13 Production does not accurately portray Plaintiffs' sales of Fun Shades glasses. In other words, Defendants, direct competitors of Plaintiffs, want this Court to grant them unfettered access to Plaintiffs' highly confidential sales information based *solely* on Mr. Wilkerson's "belief." As discussed *infra*, Defendants' Request should be denied for at least three (3) reasons.

      *First*, there is no basis in fact for Defendants' August 1 Request. Indeed, tellingly absent from Defendants' August 1 Request is even a scintilla of evidence to suggest they are entitled to the requested relief. Rather, as stated *supra*, the basis for Defendants' August 1 Request is Mr. Wilkerson's "belief" that the June 13 Production is not accurate. However, if Defendants had concerns about Plaintiffs' record-keeping procedures, they could have quelled such concerns by taking discovery on the topic. Yet, as Defendants must concede, they failed to conduct a single deposition in this action.

      Furthermore, Mr. Wilkerson's "belief" is ostensibly the product of his "specialized knowledge with regard to the distribution and sale of the type of product at issue." *Dkt.* 35 at 2. Yet, Defendants never disclosed Mr. Wilkerson as an expert under Fed.R.Civ.P. 26(e), let alone produced any evidence during discovery regarding his putative "specialized knowledge."

The Honorable Lisa M. Smith
August 7, 2014
Page 2

Indeed, defense counsel never cross-examined Mr. Wilkerson during his deposition in this action as to his "specialized knowledge."

*Second*, there is no basis in law for Defendants' August 1 Request. Specifically, Defendants' sole counterclaim in this action—for federal trademark infringement—arises under the Lanham Act. The Lanham Act has a very specific damages provision (15 U.S.C. § 1117) that provides recovery in only *three* defined forms: (i) [Plaintiffs'] profits; (ii) [Defendants'] damages; and (iii) the costs of the action. Thus, unfettered access to Plaintiffs' confidential sales information *cannot*, as a matter of law or logic, inform Defendants as to the remaining two. Furthermore, as discussed *infra*, Plaintiffs have already provided Defendants with more than sufficient information regarding the first category of damages.

*Third*, Plaintiffs have gone above and beyond what is required under the Federal Rules of Civil Procedure with respect to producing sales information regarding the Fun Shades glasses.

As background, the June 13 Production totaled approximately 2,400 pages and provided defense counsel with, *inter alia*, the following information regarding each sale of Fun Shades glasses: (i) the date of sale; (ii) the invoice number; (iii) item number; (iv) the amount of Fun Shades glasses sold; (v) a description of the specific Fun Shades product sold (*e.g.*, "SLOT SHADE GLITZY GIRL"); (vi) the sum of any markdowns; (vii) the sum of any promotional activities; (viii) the sum of any return(s); (vix) the cost of goods sold and; (x) net sales. Owing to the highly confidential nature of such information, Plaintiffs designated the June 13 Production as "Highly Confidential Attorney Eyes Only" pursuant to the parties' Protective Order. *See Dkt.* 20. However, in order to facilitate a settlement of this matter, Plaintiffs stipulated that defense counsel could disclose Plaintiffs' sales and profit totals to Defendants. As discussed *supra*, such disclosure is more than sufficient to make an informed counteroffer as a matter of law. Furthermore, consistent the parties' July 21, 2014 settlement conference before Your Honor, as well as the Docket Text Order that issued later that day, Plaintiffs provided Defendants with a sworn affidavit as to the accuracy of the June 13 Production.

Based on the foregoing, Plaintiffs request that Defendants' August 1 Request be denied.

Respectfully submitted,

Jonathan W. Thomas

cc: All counsel of record (*via ECF notification*)

{00715/608837-000/01197372.1}