**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

AMSCAN, INC., PARTY CITY CORPORATION,

                              Plaintiffs,              **DEFENDANTS'**
                                                     **RESPONSE TO**
                      -against-             **PLAINTIFFS' LOCAL**
                                                     **RULE 56.1 STATEMENT**

SHUTTER SHADES, INC., DONALD T. WILKERSON,       Civil Index No.11-1112

                               Defendants.
----------------------------------------------------------------X

       Pursuant to Local Rule 56.1, Defendants hereby respond to the Local Rule 56.1 Statement of Plaintiffs, which was filed in support of Plaintiffs' Motion for Summary Judgment of Trademark Invalidity and Non-Infringement.   The evidence of record in support of each response herein is the evidence already submitted in support of Defendants' Motion for Summary Judgment of Trademark Infringement, including the Exhibits filed with the Declaration of Todd Wengrovsky, and Affidavit of Donald T. Wilkerson.

       1. This statement is undisputed.

       2.  Defendants admit that Plaintiffs have made such claims, but dispute the validity of such claims.

       3. Defendants admit that Plaintiffs have made such claims, but dispute the validity of such claims.

       4. This statement is undisputed.

       5. This statement is undisputed.

       6. This statement is undisputed.

       7. This statement is undisputed.

       8. This statement is undisputed.

9.  Defendants are without sufficient information to admit or deny this statement, and therefore dispute same.

10. This statement is undisputed.

11. Defendants are without sufficient information to admit or deny this statement, and therefore dispute same.

12. This statement is undisputed.

13. This statement is undisputed.

14. This statement is undisputed.

15. This statement is undisputed.

16. Defendants dispute this statement.  The products are not replicas as asserted, and they are not colloquially referred to as "shutter shades." A more common name for same was "Venetian Blinders." [**EXHIBIT C, Wilkerson Affidavit Par. 5**].

17. This statement is undisputed.

18. Defendants dispute this statement, and note that Plaintiffs' have failed to show any evidence <u>from the 1980's</u> to support this assertion. [**EXHIBIT C, Wilkerson Affidavit Par. 5**].

19. Defendants are without sufficient information to admit or deny this statement, and therefore dispute same.

20. This statement is undisputed.

21. This statement is undisputed.

22. This statement is undisputed.

23. This statement is undisputed.

24. Defendants dispute this statement, as the glasses were worn by Jerry Levine (Plaintiffs' Complaint).

25. This statement is undisputed.

26. This statement is undisputed.

27. This statement is undisputed.

28. This statement is undisputed, with the comment that the glasses were not called or referred to as "SHUTTER SHADES" in the referenced video.

29. This statement is undisputed, with the comment that the glasses were not called or referred to as "SHUTTER SHADES" in the referenced video.

30. This statement is undisputed.

31. This statement is undisputed.

32. This statement is undisputed.

33. This statement is undisputed.

34. This statement is undisputed.

35. This statement is undisputed.

36. This statement is undisputed.

37. This statement is undisputed.

38. This statement is undisputed.

39. This statement is undisputed, with the comment that CTS filed the opposition nearly one year after Defendants' massive advertising and promotion of the "SHUTTER SHADES" brand commenced.

40. Defendants dispute this statement, and further state that the CTS opposition was filed for financial gain.

41. Defendants dispute this statement, and further state that the CTS opposition was filed for financial gain.

42.  Defendants dispute this statement, and further state that the CTS opposition was filed for financial gain.

43.  Defendants dispute this statement as to alleged prior usage by CTS, and further state that the settlement was in a good faith effort to avoid litigation. [**Wilkerson Depo. P. 184, L.2-8**].

44.  This statement is undisputed.

45.  This statement is undisputed.

46.  Defendants dispute this statement because the record reflects that Defendants reviewed their licensees' products. [**Wilkerson Depo. P. 187**].

47.  Defendants dispute this statement because the record reflects that Defendants reviewed their licensees' products. [**Wilkerson Depo. P. 187**].

48.  This statement is undisputed.

49.  Defendants admit that Wilkerson made the referenced statement, but dispute that there was no quality control. [**Wilkerson Depo. P. 130, L.17-19; P. 131, L.19-23; P. 133, L.24 – P. 134, L.7; P. 134, L.12-21; P. 137, L.22 – P. 138, L.10; P. 139, L.7 – P. 140, L.3**].

50.  Defendants dispute this statement, as prospective licensees desired to use the SHUTTER SHADES trademark in connection with slotted sunglasses that were also covered by Defendants' patent. Defendants simply provided a global agreement to such licensees to cover all terms between the parties, and the parties paid royalties to Defendants. [**Wilkerson Depo. P. 234, L.25 (specifically discussing licensing patent and trademark rights together); P. 186-191, P. 206**].

51.  Defendants dispute this statement, as prospective licensees desired to use the SHUTTER SHADES trademark in connection with slotted sunglasses that were also covered by

Defendants' patent. Defendants simply provided a global agreement to such licensees to cover all terms between the parties, and the parties paid royalties to Defendants. **[Wilkerson Depo. P. 234, L.25 (specifically discussing licensing patent and trademark rights together); P. 186-191, P. 206].**

52. Defendants dispute this statement, as prospective licensees desired to use the SHUTTER SHADES trademark in connection with slotted sunglasses that were also covered by Defendants' patent. Defendants simply provided a global agreement to such licensees to cover all terms between the parties, and the parties paid royalties to Defendants. **[Wilkerson Depo. P. 234, L.25 (specifically discussing licensing patent and trademark rights together); P. 186-191, P. 206].**

53. This statement is undisputed.

54. This statement is undisputed, with the comment that Shutter Shades Inc.'s royalty income was not separated by category.

55. This statement is undisputed.

56. This statement is undisputed.

57. Defendants dispute this statement, as "global agreement" royalty income was documented on a self-generated Excel Spreadsheet. The spreadsheet was a self-generated document containing royalty payment amounts received per quarter, per licensee, from the beginning of the license up to the quarter prior to the depositions.

58. Defendants dispute this statement, and cite their entire Motion for Summary Judgment of Trademark Infringement and papers in support thereof as evidence of such association.

59. This statement is undisputed.

60. This statement is undisputed.

61. This statement is undisputed.

62. Defendants are without sufficient information to admit or deny this statement, and therefore dispute same.

63. Defendants dispute this statement. Upon information and belief, such references include Defendants' own licensees. Moreover, as well documented in discovery, Defendants have a clear history of aggressively enforcing their rights immediately upon learning of any infringements. [**EXHIBIT R, Wilkerson Affidavit Par. 22, 23, 24**]. Regardless, Defendants are under no legal obligation to assert claims against every infringer at the same time, particularly given Defendants' small size and limited resources.

64. This statement is undisputed.

65. Defendants dispute this statement because the products are also being marketed as "Shutter Shades." [**EXHIBIT M, EXHIBIT N, EXHIBIT O, EXHIBIT X**].

66. This statement is undisputed.

67. Defendants dispute this statement because the products are also being marketed as "Shutter Shades." [**EXHIBIT M, EXHIBIT N, EXHIBIT O, EXHIBIT X**].

68. Defendants dispute this statement because it is disingenuous to refer to the material as "color designations." True color designations would have no reference to "Shutter Shades" – they would just list the relevant colors. "Prpl" denotes a color, "Red" denotes a color, and "Grn" denotes a color, but "SHUTTER SHADES" does not. "SHUTTER SHADES" was promoted by Party City as the name of the product, having nothing to do with colors.

69. Defendants dispute this statement because FUN SHADES is not prominently displayed.

70.  Defendants dispute this statement because it is disingenuous to refer to the material as "color designations." True color designations would have no reference to "Shutter Shades" – they would just list the relevant colors.  "Prpl" denotes a color, "Red" denotes a color, and "Grn" denotes a color, but "SHUTTER SHADES" does <u>not</u>.  "SHUTTER SHADES" was promoted by Party City as the <u>name of the product</u>, having nothing to do with colors.

71.  Defendants dispute this statement because it is disingenuous to refer to the material as "color designations." True color designations would have no reference to "Shutter Shades" – they would just list the relevant colors.  "Prpl" denotes a color, "Red" denotes a color, and "Grn" denotes a color, but "SHUTTER SHADES" does <u>not</u>.  "SHUTTER SHADES" was promoted by Party City as the <u>name of the product</u>, having nothing to do with colors.

72. Defendants dispute this statement because Plaintiffs are still infringing the SHUTTER SHADES mark. [**EXHIBIT X**].  Furthermore, any removal of the infringing material by Party City would be an admission of wrongdoing.

73. This statement is undisputed.

74.  Defendants dispute this statement because the mark appeared as "Shutter Shades" (with capitalized initials), <u>not</u> "shutter shades" (in all lowercase letters) as asserted by Plaintiffs. [**EXHIBIT O**].

75.  Defendants dispute this statement, which is a conclusory allegation that cites no evidence.

76. Defendants dispute this statement, which is a conclusory allegation that cites no evidence.

77.  Defendants are without sufficient information to admit or deny this statement, and therefore dispute same.

78.   Defendants dispute this statement and note that Plaintiffs make this conclusory allegation having conducted no survey, and citing no evidence of any kind.

79. This statement is undisputed.

80.  Defendants dispute this statement.  [**Second Wilkerson Affidavit, Par. 5**].

81.  Defendants dispute this statement, and cite their entire Motion for Summary Judgment of Trademark Infringement and papers in support thereof as evidence of likelihood of confusion.

82.  Defendants dispute this statement.

83. Defendants dispute this statement.  Plaintiffs have specifically described Defendant Shutter Shades, Inc. as their "direct competitor" and Plaintiffs had to be aware of their "direct competitor" and its massive advertising and promotional campaign. [**EXHIBIT W**].

84.  Defendants dispute this statement.  Plaintiffs have specifically described Defendant Shutter Shades, Inc. as their "direct competitor" and Plaintiffs had to be aware of their "direct competitor" and its massive advertising and promotional campaign. [**EXHIBIT W**].

85.  Defendants dispute this statement.  Plaintiffs have specifically described Defendant Shutter Shades, Inc. as their "direct competitor" and Plaintiffs had to be aware of their "direct competitor" and its massive advertising and promotional campaign. [**EXHIBIT W**].

86. This statement is undisputed.

87. This statement is undisputed.

88.  Defendants dispute this statement as immaterial to this Summary Judgment proceeding.  Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent.  As such, any comments

made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

89. Defendants dispute this statement as immaterial to this Summary Judgment proceeding.  Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent.  As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

90.  Defendants dispute this statement as immaterial to this Summary Judgment proceeding.  Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent.  As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

91. Defendants dispute this statement as immaterial to this Summary Judgment proceeding.  Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent.  As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

92. Defendants dispute this statement as immaterial to this Summary Judgment proceeding.  Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent.  As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

93. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

94. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

95. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

96. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

97. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments

made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

98. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

99. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

100. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

101. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

102.   Defendants dispute this statement as immaterial to this Summary Judgment proceeding.  Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent.  As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

103.   Defendants dispute this statement as immaterial to this Summary Judgment proceeding.  Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent.  As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

104.   Defendants dispute this statement as immaterial to this Summary Judgment proceeding.  Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent.  As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

105.   Defendants dispute this statement as immaterial to this Summary Judgment proceeding.  Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent.  As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

106.   Defendants dispute this statement as immaterial to this Summary Judgment proceeding.  Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent.  As such, any comments

made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

107.   Defendants dispute this statement as immaterial to this Summary Judgment proceeding.  Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent.  As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

108.   Defendants dispute this statement as immaterial to this Summary Judgment proceeding.  Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent.  As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

109.   Defendants dispute this statement as immaterial to this Summary Judgment proceeding.  Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent.  As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

110.   Defendants dispute this statement as immaterial to this Summary Judgment proceeding.  Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent.  As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

111. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

112. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

113. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

114. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

115. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments

made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

116. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

117. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

118. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

119. Defendants dispute this statement as immaterial to this Summary Judgment proceeding. Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent. As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

120. Defendants dispute this statement as immaterial to this Summary Judgment proceeding.  Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent.  As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

121. Defendants dispute this statement as immaterial to this Summary Judgment proceeding.  Defendants have made no claim for patent infringement in this case, nor has Party City filed a motion for summary judgment to invalidate the patent.  As such, any comments made by Party City regarding the patent are immaterial to this summary judgment proceeding and should be disregarded.

122. This statement is undisputed.

123. This statement is undisputed.

124. This statement is undisputed.

125. This statement is undisputed, with the comment that Plaintiffs had already been placed on notice of patent infringement and of Defendants' brand name "SHUTTER SHADES."

126. This statement is undisputed.

127. This statement is undisputed.

128. Defendants admit that they received such a communication from Plaintiffs, but dispute that the communication supplied Defendants with "extensive evidence" supporting Plaintiffs' contentions.

129. Defendants dispute this statement because Plaintiffs are still infringing the SHUTTER SHADES mark. [**EXHIBIT X**].

130. This statement is undisputed.

131. This statement is undisputed.

132. This statement is undisputed.

133. This statement is undisputed.


Dated:  Calverton, New York
      October 6, 2014

/s/ Todd Wengrovsky
Todd Wengrovsky - TW4823
Law Offices of Todd Wengrovsky, PLLC.
285 Southfield Road, Box 585
Calverton, NY 11933
Tel (631) 727-3400
Fax (631) 727-3401
contact@twlegal.com
*Attorney for Defendants*